UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. CV 14-07687-JGB (DTB)<br><br>ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections to the R&R have been filed by respondent, petitioner, and petitioner's counsel. [See Dkt. Nos. 79, 85, 88.] Petitioner has also filed a "Continued Statement of Objections" as to Grounds Six through Ten, Twelve and Thirteen. [See Dkt. No. 92.] The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

In his Objections to the R&R, filed on April 5, 2016, respondent contests the Magistrate Judge's Order Appointing Counsel, alleging that the Court's March 24, 2016 Order contemplates discovery that "would be inappropriate and inadmissible to resolve" Grounds One through Five and Ground Eleven under Cullen v. Pinholster,

563 U.S. 170, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011).  (See Respondent's Objections at 2-7.)  The Court concludes respondent's Objections lack merit.

Respondent fails to object to any portion of the R&R, but instead maintains that Pinholster bars discovery in this action. (Respondent's Objections at 4.) However, this Court reviews case *dispositive* proposed orders, findings, or recommendations of the Magistrate Judge. The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates and provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision. See United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003). Such non-dispositive matters, such as orders appointing counsel and granting discovery, do not require proposed findings and recommendations. Id.; see also 28 U.S.C. 636(b)(1) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" and "may also designate a magistrate judge to conduct hearings, including evidentiary hearings"); Fed. R. Civ. P. 72(b) (explaining that a "magistrate judge must promptly conduct the required proceedings . . . to hear a pretrial matter *dispositive* of a claim or defense" and "must enter a recommended disposition") (emphasis added); Central District of California Local Rule 72-3.3 ("In habeas cases that are not summarily dismissed, and in all other matters covered by F.R.Civ.P. 72(b) that the Magistrate Judge determines can be resolved without trial, the Magistrate Judge shall file a report which may contain proposed findings of fact, conclusions of law and recommendations for *disposition*.") (emphasis added).  As respondent fails to challenge any portion of the R&R, the Court declines to review the Court's non-dispositive March 24, 2016 Order.

In any event, to the extent respondent objects to the Court's March 24, 2016 Order under Fed. R. Civ. P. 72(a), the Court is not persuaded. Here, it is not evident that the Phase Two Claims are governed by Pinholster, as Grounds One through Five and Ground Eleven do not appear to have been adjudicated on the merits. (See Respondent's Objections at 3, n. 3 ("Petitioner raised [Grounds One through Five] in

a habeas petition in California Court of Appeal case number B243869, which the court denied on *procedural* grounds. Petitioner then raised these claims in a habeas petition in California Supreme Court case number S206706, which the court summarily denied.") (emphasis added); id. at 3 ("Ground Eleven was presented to the California Supreme Court via an amendment to a state habeas petition in case number S223930, and was summarily denied on April 1, 2015."); Lodgment Nos. 25-28, 30-33); Pinholster, 563 U.S. at 181 (holding that federal review of habeas corpus claims under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits"); see also Pinholster, 563 U.S. at 185 (28 U.S.C. § 2254(e)(2) "continues to have force where § 2254(d)(1) does not bar federal habeas relief.").

Further, assuming arguendo that Pinholster applies, under Gonzalez v. Wong 667 F.3d 965, 972 (9th Cir. 2011), the Court may allow discovery, and in the event that the newly discovered materials strengthen petitioner's Brady claims to the point that his arguments would be potentially meritorious, the Court may stay the proceedings in order to give petitioner an opportunity to return to state court and present his claims with the benefit of the new materials that were not previously available and part of the record at the time the state courts initially rejected his claims. Accordingly, the Court overrules respondent's objections as premature.

In his Objections, filed on April 15, 2016, petitioner essentially restates arguments made in his Opposition to Respondent's Motion to Dismiss. (Petitioner's Objections at 3-14.) Those arguments lack merit for the reasons stated in the R&R.

In Objections filed separately on May 13, 2016, petitioner's counsel argues that the Magistrate Judge's recommended dismissal of Ground Nine was premature. (Petitioner's Counsel's Objections at 1.) Specifically, counsel contends that information regarding Officer Smith's perjury conviction was not reasonably discoverable, and that the "strong evidence of Officer Smith's lack of credibility[, i.e., his conviction for perjury and fraud], would likely have been 'very material'" under Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

(Petitioner's Counsel's Objections at 2-3.)

Counsel argues that "a month after [the victim's] murder, Smith put a bullet in Petitioner's torso while Petitioner was halfway atop a six-foot-high wooden fence, because (said Smith) Petitioner had somehow moved one of his hands toward a shiny object at his waist." (Petitioner's Counsel's Objections at 3.) Counsel states that a "later obtained LAPD 'Report of Officer-Involved Shooting,' . . . raises several questions – not the least of which is that no other officer quoted in the report, including one who stood ten feet away, corroborated Smith's 'hand movement' claim," and the shiny object was later "conceded to be a belt buckle." (Id. at 3, n. 5.) Accordingly, "after shooting and seriously wounding Petitioner, it became all the more important for Smith and his fellow officers to conduct the . . . murder investigation in a way that ensured Petitioner would be solidly identified as the shooter." (Id. at 4.) Counsel alleges that "[i]f a jury considering such a defense scenario had been shown that Smith was under investigation by the very same District Attorney's Office for felony perjury and conspiracy to defraud, this defense theory (along with the evidence of police favors to the other participant-witnesses, and the utter lack of physical evidence) becomes significantly more compelling." (Id.) Counsel also maintains that the prosecutor "went to extraordinary lengths to persuade the jury that the shooting of Petitioner was justified," and "used Smith's testimony as a linchpin for closing arguments regarding consciousness of guilt." (Id.; see also Reporter's Transcript on Appeal ["RT"] at 406-08 (prosecutor's elicitation of detective's testimony that in investigating the homicide, there was no finding of "any impropriety on the part of Officer Smith in the way he conducted himself in arresting [petitioner]"), RT at 441-46 (prosecutor's closing argument summarizing Officer Smith's testimony, and specifically Officer Smith's belief that petitioner was reaching for a gun when he was arrested, and inferring that petitioner failed to stop when Officer Smith yelled "stop" because of a "guilty conscience").)

The Court agrees with counsel's contentions and finds that a dismissal of Ground Nine would be premature at this juncture. See <u>Kyles v. Whitley</u>, 514 U.S. 419, 436, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) (materiality of <u>Brady</u> evidence is viewed "collectively, not item by item").

For the foregoing reasons, the Court modifies in part and accepts in part the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that Grounds Six through Eight of the First Amended Petition be dismissed with prejudice, and that Grounds Ten, Twelve, and Thirteen of the First Amended Petition be dismissed without prejudice.

DATED:   June 21, 2016

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE